**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **FALKON TREASURES LLC,**<br><br>                Plaintiff,<br>v.<br><br>**GAMESTOP, INC.,**<br><br>                Defendant. | CIVIL ACTION NO. 2:16-cv-656<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Falkon Treasures LLC files this Original Complaint for Patent Infringement against GameStop, Inc., and would respectfully show the Court as follows:

**I. THE PARTIES**

1. Plaintiff Falkon Treasures LLC ("Falkon" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034.

2. On information and belief, Defendant GameStop, Inc. ("Defendant"), is a Delaware corporation with its principal place of business at 625 Westport Parkway, Grapevine, TX 76051.

**II. JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at

least to its substantial business in this forum, including at least a portion of the infringement alleged herein.

5.  Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has sufficient contacts with the State of Texas and this District such that this Court is a fair and reasonable venue for the litigation of this action. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this District for at least the reasons identified above, including due at least to its sale of products and/or services within the State of Texas and from this District.

7.  For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,233,682)

8.  Plaintiff incorporates the above paragraphs herein by reference.

9.  On May 15, 2001, United States Patent No. 6,233,682 ("the '682 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '682 Patent is titled "Distribution of Musical Products by a Web Site Vendor Over the Internet." Provisional applications leading to the '682 Patent were filed on January 22, 1999. A true and correct copy of the '682 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Plaintiff is the assignee of all right, title and interest in the '682 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '682 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '682 Patent by Defendant.

11. The '682 Patent has been cited as prior art during the prosecution history of over 200 subsequently-issued United States patents, including patents assigned to Amazon.com, Inc., Apple, Inc., Google, Inc., Nokia Corporation, Sony Corporation, and Symbol Technologies, Inc.

12. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 12 of the '682 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising making, using, performing, and/or selling a method for distributing products over the Internet using the website at www.gamestop.com and associated subsites, web pages and functionality within that website (the "Accused Instrumentality"). The accusation of infringement is directed to the aspect of the Accused

Instrumentality that performs the steps of displaying a login screen on a video monitor that allows a user to enter a unique identifier for accessing database information, confirming the validity of the entered unique identifier, and displaying a shopping list that lists items for purchase as selected by a user, the listed items being in digital format suitable for downloading to a user's computer connected to the Internet and being in other media format suitable for shipping to said user.

13. For example, the Accused Instrumentality is a website available to the public through which Defendant's customers can purchase gift cards that are available for either download as an e-gift card or shipping as a gift card in a physical media. The Accused Instrumentality has individualized user accounts that require a unique identifier, such as username and password, to log into an account. Once logged in, a user can perform actions including purchasing items and accessing database information, such as the status of orders or past orders. The Accused Instrumentality sells items that are in digital format suitable for downloading to a user's computer connected to the Internet and being in other media format suitable for shipping to said user, including gift cards which are available for downloading as an e-gift card or are suitable for shipping as a standard gift card. The shopping list for the Accused Instrumentality can list the gift card as both an e-gift card and a physical media gift card.

14. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '682 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. On information and belief, Defendant will continue its infringement of one or more claims of the '682 patent unless enjoined by the Court. Furthermore, the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

16. On information and belief, Defendant has had at least constructive notice of the '682 patent by operation of law, and there are no marking requirements that have not been complied with.

## VI.  JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,233,682 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 6,233,682; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  June 16, 2016                                   Respectfully submitted,

                                                        */s/ David R. Bennett*
                                                    By:  David R. Bennett
                                                         Direction IP Law
                                                         P.O. Box 14184
                                                         Chicago, IL 60614-0184
                                                         Telephone: (312) 291-1667
                                                         e-mail:  dbennett@directionip.com

                                                         **ATTORNEY FOR PLAINTIFF
                                                         FALKON TREASURES LLC**